UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELL DAVIS, a minor, through her
Mother, Micaela Davis,

      Plaintiff,                      CIVIL ACTION NO. 11-12966

                                       DISTRICT JUDGE GEORGE CARAM STEEH

      v.                               MAGISTRATE JUDGE MARK A. RANDON

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION TO DISMISS COMPLAINT (DKT. NO. 13)**

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Angell Davis ("Davis") applied for disability and disability insurance benefits on September 19, 2007, alleging a disability onset date of June 1, 1997 (Dkt. No. 13; Ex. 1 at p. 8). Plaintiff's claim was initially denied by the Commissioner; it was denied again after reconsideration on May 20, 2008 (*Id.*). On November 19, 2009, Davis appeared with counsel for a video hearing before Administrative Law Judge ("ALJ") Robert M. Senander, who considered the case *de novo*. The ALJ found that Plaintiff was not disabled. (*Id.* at pgs. 8-21). Plaintiff requested a review of this decision. (*Id.* at p. 22). On November 9, 2010, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for further review. (*Id.* at pgs. 22-24). The Appeals Council's notice says:

**Time to File a Civil Action**

•      You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(*Id.* at p. 23). On June 3, 2011, the Social Security Administration ("SSA") extended the time for Davis to file a civil action:

The Appeals Council now extends the time within which you may file a civil action (ask for court review) for 30 days from the date you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

(Id. at p. 27). Accordingly, Davis had until Friday, July 8, 2011[1] to file a complaint in federal court.

The parties say Davis filed her Complaint on Monday, July 11, 2011. They are mistaken: a review of docket entry number one reveals that Davis' "Complaint" is actually her Application and Affidavit for Leave to Proceed In Forma Pauperis; her Complaint was not filed until September 21, 2012[2] (Dkt. No. 11).

Before the Court is Defendant's Motion to Dismiss Complaint (Dkt. No. 13). Plaintiff responded on December 17, 2012 (Dkt. No. 14). Defendant replied on December 21, 2012 (Dkt. No. 15).

---

[1] Defendant mistakenly argues that Davis must have filed a civil action on or before June 8, 2011 (Dkt. No. 13 at p. 6).

[2] Davis probably thought she filed the Complaint on July 11, 2011 with her Affidavit, but the Complaint was not attached. *See* Dkt. No. 1 at ¶3 ("I believe I am entitled to win this lawsuit as shown by the complaint filed with this Affidavit"). After she completed her electronic filing, Davis should have double-checked to ensure it was filed correctly.

For the following reasons, **IT IS RECOMMENDED** that Defendant's motion be **GRANTED**.

## II. APPLICABLE LAW AND ANALYSIS

Davis does not dispute that her Complaint was filed after the statute of limitations, but argues that her claim should be deemed timely due to equitable tolling. According to Davis, the CM/ECF system was down on the day the complaint was due.

The Sixth Circuit considers five factors in determining the appropriateness of tolling a statute of limitations:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing [her] claim.

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). Davis has the burden to establish that equitable tolling is warranted. *See Baker v. Comm'r of Soc. Sec.*, Case No. 10-13748, 2011 WL 1598636 at *2 (E.D. Mich. Feb. 17, 2011) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). However, she does not attempt to use the factors to meet her burden. Instead, Davis simply says:

> in applying the principles set forth in *Dunlap*, the undersigned's inability to resolve the issues related to accessing the CM/ECF system on [July 8, 2011] should result in the complaint moving forward. Unlike in *Dunlap*, we believe that Plaintiff has presented sufficient evidence as to why the relief of equitable tolling should be applicable in the case at bar

(Dkt. No. 15 at 5).

It is undisputed that Davis had actual notice of the filing requirement. In addition, Davis requested an extension of the filing deadline, but did not diligently pursue her rights after she received the extension. Davis did not attempt to get help with the CM/ECF system until

10:22p.m. on the day her complaint was due, and while she says her Complaint was filed on the next business day (July 11, 2011), it was not actually filed until more than a year later – on September 21, 2012[3].

A one day glitch in the CM/ECF system does not support more than a year of equitable tolling. And, considering there are millions of applicants for Social Security benefits each year, *See Cook*, 480 F.3d at 437, Defendant will suffer some prejudice if it is required to respond to such an untimely Complaint.

### III. CONCLUSION

For the above-stated reasons, **IT IS RECOMMENDED** that Defendant's motion be **GRANTED** and that Davis' Complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

---

[3]Davis says she served Defendant with the Complaint on July 15, 2011 and July 18, 2011, but she did not serve the United States Attorney's Office in Detroit, which is the office that is required to respond to Davis' Complaint (Dkt. No. 7; Ex. A). In addition, after Davis filed what she thought was the Complaint, the United States Marshal Service says it received three copies of Davis' Complaint for service (Dkt. No. 10); however, the U.S. Marshal Service says it received three copies of Davis' Complaint for service again on September 24, 2011 (Dkt. No. 12). What likely happened is the U.S. Marshal Service initially received three copies of Davis' Application and Affidavit for Leave to Proceed In Forma Pauperis and then received Davis' actual Complaint for service after she filed it on September 21, 2012.

*Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated: January 17, 2013

### Certificate of Service

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, January 17, 2013, by electronic and/or ordinary mail.*

*s/Eddrey O. Butts*
*(Substitute)*
*Case Manager to Magistrate Judge Mark A. Randon*
313-234-5201
