UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A.D., a minor, through
her mother, MICAELA DAVIS,

        Plaintiff,

                                              Case No. 11-CV-12966

vs.                                           HON. GEORGE CARAM STEEH

CAROLYN W. COLVIN,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.

_____/

<u>ORDER REJECTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (DOC. # 16) AND
DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT (DOC. #13)</u>

    Before the court is defendant's motion to dismiss plaintiff's complaint, which seeks review of the Commissioner of Social Security's decision to deny Supplemental Security Income benefits.  The Court has considered a magistrate judge's report and recommendation to grant the motion, on the basis that plaintiff did not timely file her complaint on or before Friday, July 8, 2011.

    Plaintiff objects to the report and recommendation, asserting that "the Complaint was originally filed on July 11, 2011," and asking that the court "consider the Plaintiff's argument of equitable tolling as it relates to the July 11, 2011 filing date."  (Plaintiff's objections to report and recommendation, Doc. # 18, at 4.)  This request is based, in part, on Plaintiff's attempt to file the complaint on July 8, 2011 when the court's ECF filing system was down.

In response, defendant reiterates the position it took on the motion to dismiss, pointing out that there is no dispute concerning the fact that a complaint filed 3 days late, July 11, is still late. Also, defendant argues that in fact no actual copy of the complaint appeared on the docket until September 2012 (see discussion, below), and that equitable tolling should not apply here.

The court has examined the docket, and acknowledges the fact that a copy of the complaint does not appear as an electronically filed document until September 2012. However, the court notes that the caption "Complaint" was entered on the docket on July 11, 2011. When the court clicks on that July 11, 2011 docket entry entitled "complaint" (Doc. # 1), the plaintiff's application to proceed in forma pauperis appears. The very same document appears when the court clicks on the next docket entry, entitled "application to proceed in forma pauperis" (Doc. # 2). Whether this was plaintiff's filing error or an administrative error on the part of the court is not explained by the parties or the docket, but is no doubt the result of a clerical error. The second docket entry entitled "complaint" does not appear on the docket until September 21, 2012, and when the court clicks on this entry, the complaint comes up. The court notes that the document reflects a date of preparation of July 8, 2011. This is the same date contained in the IFP application, which was filed on July 11, 2011.

Plaintiff has advanced the principle of equitable tolling to rescue her from her late filed complaint. This argument did not persuade the magistrate judge, who nonetheless recommends dismissal. However, the court is convinced that plaintiff's case should be considered on the merits. The court notes that the docket appeared to have been in order as of July 11, 2011. Further, the court notes the record of the email sent by plaintiff's

counsel to this court's attorney help desk at 10:22 p.m. on Friday, July 8, 2011, the deadline for timely filing, indicating that the "system is still down. Please help." (Doc. # 14-1.) While filing prior to deadlines (to avoid situations like that experienced by plaintiff's counsel) is sound legal practice, the court certainly does not find such activity to reflect a "pattern of delay" or "lack of diligent pursuit of her rights," as advocated by defendant, citing Baker v. Comm'r of Soc. Sec., No. 09-10507, 2010 WL 742616 at *5 (E.D. Mich. February 26, 2010). For these reasons, where the court finds that plaintiff was well aware of the filing requirement, made efforts to comply with such (thwarted only by what appears to be the court's own technical problem), and further can see no real prejudice to defendant in allowing this case to proceed on its merits, it will apply the principle of equitable tolling. Under these specific circumstances, the court will not adopt the report and recommendation of the magistrate judge, and accordingly **DENIES** the defendant's motion to dismiss.

    **IT IS SO ORDERED**.

Dated: May 29, 2013

                                                       s/George Caram Steeh
                                                       GEORGE CARAM STEEH
                                                       UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 29, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk